# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705<br><br>                              Plaintiff,<br>-against-<br><br>UNITED STATES DEPARTMENT OF THE NAVY,<br>1000 Navy Pentagon, Rm 5A532<br>Washington, DC 20350-1000<br><br>-and-<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301<br><br>                              Defendants. | Civil Action No. 1:24-cv-3061 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendants United States Department of the Navy ("**USN**") and the United States Department of Defense ("**DOD,**" together with USN, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant USN is an agency within the Executive Branch of the United States Government and is a part of the Department of Defense. USN is an agency within the meaning of 5 U.S.C. § 552(f). USN has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant DOD is an agency within the Executive Branch of the United States Government. DOD is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On April 4, 2024, Plaintiff sent a FOIA request to USN seeking copies of the following records:

> All records sufficient to identify all units within the Navy with fixed-wing aerial spray capability.

(**Exhibit 1**.)

7. On September 16, 2024, Plaintiff requested an estimated date of completion. (**Exhibit 2**.).

8. On September 17, 2024, Plaintiff resubmitted the same FOIA request to USN via the online portal. (**Exhibit 3**.)

9. On October 16, 2024, Plaintiff requested an estimated date of completion. (**Exhibit 4**.). As of the date of this filing, Plaintiff has not received a response.

10. As of the date of this Complaint, Defendants have failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination other than denial of expedited processing; (iv) notify Plaintiff of the determination of its appeal; or (v) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges the previous paragraphs as if fully stated herein.

12. Defendants are in violation of FOIA.

13. Defendants were required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendants failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

14. Plaintiff is being irreparably harmed by reason of Defendants' violation of FOIA and Plaintiff will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

15. Plaintiff has no adequate remedy at law.

## COUNT II
## FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges the previous paragraphs as if fully stated herein.

17. Defendants are in violation of FOIA.

18. Despite Plaintiff's request for an estimated date on which the agency would complete its action on the request, the agency never provided one.

## COUNT III
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

19. Plaintiff realleges the previous paragraphs as if fully stated herein.

20. Defendants have failed to establish that they adequately applied an exemption to the withheld information and data.

21. Defendants are in violation of FOIA.

## COUNT IV
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

22. Plaintiff realleges the previous paragraphs as if fully stated herein.

23. Defendants have failed to establish that they adequately searched for responsive records.

24. Defendants are in violation of FOIA.

## COUNT V
## ENTITLEMENT TO WAIVER OF SEARCH FEES

25. Plaintiff realleges the previous paragraphs as if fully stated herein.

26. Defendants are in violation of FOIA.

27. Plaintiff sought a waiver of fees. Defendants failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

28. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b.  Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c.  Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d.  Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e.  Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

f.  Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g.  Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h.  Grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 28, 2024                     SIRI & GLIMSTAD LLP

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Catherine Ybarra*
　　　　　　　　　　　　　　　　　　　　　　　Catherine Ybarra, Esq.
　　　　　　　　　　　　　　　　　　　　　　　DC Bar No. CA00203
　　　　　　　　　　　　　　　　　　　　　　　700 S Flower Street
　　　　　　　　　　　　　　　　　　　　　　　Suite 1000
　　　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90017
　　　　　　　　　　　　　　　　　　　　　　　Tel: (240) 732-6737
　　　　　　　　　　　　　　　　　　　　　　　cybarra@sirillp.com
　　　　　　　　　　　　　　　　　　　　　　　Elizabeth A. Brehm, Esq.
　　　　　　　　　　　　　　　　　　　　　　　DC Bar No. NY0532
　　　　　　　　　　　　　　　　　　　　　　　745 Fifth Ave
　　　　　　　　　　　　　　　　　　　　　　　Suite 500
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10151
　　　　　　　　　　　　　　　　　　　　　　　Tel: (240) 732-6737
　　　　　　　　　　　　　　　　　　　　　　　ebrehm@sirillp.com
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*